**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRUCE WEED, ET AL.,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 11-2808** |
| **ALLY FINANCIAL INC.,** | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM AND ORDER</u>

**Tucker, J.**                                      **June \_\_\_\_, 2012**

Presently before the Court is Plaintiffs' Motion to Strike Defendant's Affirmative

Defenses (Doc. 33), Plaintiffs' Memorandum of Law in Support of its Motion (Doc. 34) and

Defendant's Response thereto (Doc. 37).  For the reasons set forth below, Plaintiffs' motion is

granted in part and denied it in part.

## I.    <u>FACTUAL BACKGROUND</u>[1]

On April 27, 2011, Plaintiffs Bruce Weed, Michael Weed, Scott Weed, Weed Chevrolet

Company, Inc. and Weed Properties, LLC (collectively "Plaintiffs") initiated this breach of

contract and tort action against Defendant Ally Financial, Inc. (f/k/a GMAC Inc.) (hereinafter

"GMAC") for allegedly engaging in bad faith conduct by targeting automobile dealerships for

termination, foreclosure, and liquidation in violation of the Pennsylvania Uniform Commercial

Code and Pennsylvania common law.  Plaintiffs allege that Defendant extorted payments from

targeted dealerships, including their own, under the mistaken but reasonable belief that if they

---

[1] The essential facts of this case are discussed in more detail in the Court's August 26, 2011
Memorandum (Doc. 27) discussing Defendant's motion to dismiss.

acceded to GMAC's demands, GMAC would continue to provide financing essential for them to stay in business. Plaintiffs further assert that Defendant was aware that it intended to terminate the dealerships' financing despite their compliance with Defendant's demands, but failed to disclose such information to the dealers.

The original Complaint contained four counts including breach of contract and breach of implied covenant of good faith and fair dealing; tortious interference with contractual relations; fraud; and negligent misrepresentation. Defendant moved to dismiss the Complaint on June 3, 2011. By Order dated August 26, 2011, this Court granted in part GMAC's motion to dismiss with respect to Plaintiffs' claim for negligent misrepresentation and denied the motion in all other respects. On September 15, 2011, Defendant filed an Answer and asserted the following Affirmative Defenses:

1. Defendant's allegations in response to the Complaint, *supra*, are reaverred as fully as though set forth at length herein.

2. Count II and III violate Pennsylvania's gist of the action doctrine.

3. Counts II and II are time-barred by the running of the two-year statute of limitations in Pennsylvania for these torts.

4. The implied contractual duty of good faith and fair dealing does not apply to the lender/borrower relationship in this case.

5. Punitive damages may not be obtained in this case.

6. The claims for humiliation, embarrassment, emotional pain and anguish and any other non-economic damages may not be obtained in this case.

7. Plaintiffs signed contractual waivers and releases of any claims, defenses, causes of action or damages from any dealings with GMAC that they might have.

8.     Plaintiffs stipulated that GMAC made no promises to them to induce their execution of the several contracts.

9.     Defendant asserts all of its rights under the parties' contracts.

10.    Any claims by the plaintiffs are barred by the doctrine of ratification in that plaintiffs accepted the benefits after signing the documents in question.

11.    The plaintiffs' claims for consequential and punitive damages were waived contractually.

12.    The plaintiffs' complaint fails to state a claim upon which relief can be granted.

Ans. at ¶¶ 1-12 (Doc. 29).[2]

Plaintiffs moved to strike Defendant's affirmative defenses, pursuant to Federal Rules of Civil Procedure 12(f), on October 11, 2011.  (Doc. 33.)  On October 24, 2011, Defendant filed a Response opposing the motion. (Doc. 37.)  This motion is the subject of this Opinion.

## II.   LEGAL STANDARD

Federal Rules of Civil Procedure 12(f) authorizes courts to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own or on motion made by a party."  Fed.R.Civ.P. 12(f).  Generally, a motion to strike under Rule 12(f) is viewed with disfavor and should be sparingly used because of the difficulty of deciding a case without a factual record.  Conklin v. Anthou, No. CIV.A. 1:10-CV-02501 2011 WL 1303299, at * 1 (M.D. Pa. Apr. 5, 2011).  A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law.   See Dan v. Lincoln Nat. Corp., 274 F.R.D 139, 143

---

[2] Defendant also filed an Amended Counterclaim (Doc. 32) on September 28, 2011 which the Court dismissed in a separate Order dated May 31, 2011.

(E.D. Pa., 2011); see also Krisa v. Equitable Life Assur. Soc., 109 F.Supp.2d 316, 319 (M.D. Pa. 2000) (citations omitted)(A court should not grant a motion to strike unless the insufficiency of the defense is clearly apparent from the face of the pleading.)

### III.    DISCUSSION

Plaintiffs challenge the sufficiency of Defendant's affirmative defenses on the grounds that the defenses either (1) fail to satisfy Federal Rule of Civil Procedure 8(b) and the *Twombly/Iqbal* "plausibility" standard or (2) are not defenses at all.  *See* Pls.' Mot. To Strike at 6-8.   At the core of Plaintiffs' argument is the issue of whether *Twombly* and *Iqbal* should be interpreted to apply to affirmative defenses.  Plaintiffs argue that the *Twombly/Iqbal* "plausibility" standard applies to affirmative defenses, just as it applies to claims and counterclaims, and that Defendant's affirmative defenses fail to meet that standard.

Defendant responds that the application of the *Twombly/Iqbal* "plausibility" standard to affirmative defenses is contrary to the majority view of district courts in Pennsylvania and argues that this Court should employ the " notice pleading" standard when determining the sufficiency of affirmative defenses.  Defendant, therefore, contends that its affirmative defenses are proper and should remain intact because they provide Plaintiffs with fair notice of its claims and its grounds for relief under the governing standard set forth in Rule 8.

### A.    Brief History of Conley, Twombly, and Iqbal

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court departed from the "notice pleading" standard which previously defined the level of detail required to state

a claim under Fed. R. Civ. P. 8(a)(2)[3] in favor of a more fact-based "plausibility" standard. *See also* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)[4]. Eliminating the "no set of facts" language found in <u>Conley</u>, the Court concluded that a case will not be permitted to move to the discovery phase unless the pleadings contain a showing, rather than a blanket assertion, of a pleader's entitlement to relief. <u>Id.</u> at 555 & n.3. The Court held that a complaint must include specific factual allegations that are "enough to raise a right to relief above the speculative level." Id. Though detailed factual allegations are not required, the Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id.

Following <u>Twombly</u>, in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Court extended the <u>Twombly</u> decision to include all pleadings in federal civil actions. Additionally, the Court established a two prong test to determine the difference between legal conclusions and factual allegations and to ascertain whether a complaint's factual allegations "plausibly give rise to an entitlement to relief." <u>Id.</u> at 678-679.

**B.**     <u>**Twombly and Iqbal Applied to Affirmative Defenses**</u>

In the wake of *Twombly and Iqbal*, district courts are now faced with the challenge of

---

[3] Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

[4] In <u>Conley</u>, the Supreme Court held that under the notice pleading standard a "complaint [will] not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

deciding whether Twombly and Iqbal's  plausibility standard applies to affirmative defenses.[5]

The federal appellate courts have yet to address this issue and the majority of district courts that

have opined on the matter have concluded that the *Twombly/Iqbal* standard applies to affirmative

defenses.  *See e.g.*, <u>Barry v. EMC Mortgage</u>, No. 8:10-cv-3120, 2011 U.S. Dist. LEXIS 104265,

at *9 (D. Md. Sept. 15, 2011); <u>Sch. of the Ozarks, Inc. v. Greatest Generations Found., Inc.</u>, No.

10-3499-CV-S-ODS, 2011 WL 1337406, at *1 (W.D. Mo. Apr. 7, 2011); <u>Ulyssix Techs., Inc. v.

Orbital Network Eng'g, Inc.</u>, No. ELH-10-02091, 2011 WL 631145, at *15 (D. Md. Feb. 11,

2011).  Despite the majority view, however, many courts, including the majority of district courts

in this Circuit, have persuasively argued that *Twombly/Iqbal* does not apply.  *But see*,

<u>Charleswell v. Chase Manhattan Bank, N.A.</u>, No. 01-119, 2009 WL 4981730, at *5 (D.Vi. Dec.

8, 2009); <u>Fed. Trade Comm'n v. Hope Now Modifications, LLC</u>, No. 09-1204, 2011 WL

883202, at *2 (D.NJ. Mar. 10, 2011); <u>Vurimindi v. Fuqua Sch. of Bus.</u>, No. 10-234, 2011 WL

3803668, at *3.

In Plaintiffs' motion to dismiss, Plaintiffs submit that this Court should adopt the

majority position based on two grounds.  First, because fairness requires that both the plaintiff

and defendant adhere to the same notice requirements because of the similarity in language

between Fed. R. Civ. P. 8(a), which governs "claim[s] for relief" and requires a "short and plain

statement," and Fed. R. Civ. P.  8(b), which governs "defenses" and requires a party to "state in

short and plain terms its defenses to each claim asserted against it."  Second, because the desire

to promote litigation efficiency and judicial economy outweighs the benefit of using boilerplate

---

[5] Before *Twombly*, federal courts applied *Conley's* notice pleading standard to both claims
and affirmative defenses.

affirmative defenses.  The Court is not persuaded by either argument however, and finds more persuasive the court's decision in Tyco Fire Products LP v. Victaulic Company, 777 F.Supp.2d 893 (E.D., Pa. 2011).

In Tyco, the plaintiff challenged defendant's affirmative defenses as insufficient under *Twombly* and *Iqbal*.  Id. at 896.  Evaluating the plaintiff's Rule 12(f) motion to strike, the court concluded that the T*wombly/Iqbal* plausibility standard does not apply to affirmative defenses. Id.  In explaining why *Twombly* does not apply to affirmative defenses, the court held that Rule 8(c) alone governs affirmative defenses.  The court explained that Rule 8(a) which is governed by *Twombly*, is distinct from the pleading standard that applies to Rule 8(c).  Rule 8(a)(2) applies to claims (including counterclaims and cross-claims) and requires the pleader to aver "a short and plain statement of the claims *showing* his entitlement to relief.  By contrast, Rule 8(c), sets forth the standard for affirmative defenses and requires a party to affirmatively *state* any affirmative defense.   In light of this distinction, the court concluded that a party must merely state, not show, an affirmative defense.  The court further reasoned that the plausibly standard does not apply to affirmative defenses because imposing such a heightened pleading standard would create an unreasonable burden on defendants and is contrary to the truism that motions to strike are disfavored.

For the same reasons provided in Tyco, this Court will not apply *Twombly/Iqbal's* plausibility standard to Defendant's affirmative defenses and will instead analyze Plaintiffs' motion to strike Defendant's Second through Eighth, Tenth and Eleventh Affirmative Defenses

under *Conley's* notice pleading standard.[6]  *See* Pl.s' Mem. In Supp. Mot. at 8.  Here, each of

Defendant's affirmative defenses, though void of factual details, provide Plaintiffs with fair

notice because Plaintiffs are now aware that the issue exists.  Under the notice pleading standard,

Defendant was obliged only to provide "knowledge that the issue exists, and not precisely how

the issue is implicated under the facts of a given case." *See* Tyco Fire Prods. v. Victaulic Co.,

Civ. A. No. 10-4645, 2011 WL 1399847, * 5 (E.D. Pa. Apr. 12, 2011).   Accordingly, the Court

finds that the above affirmative defenses have been sufficiently plead, therefore, Defendant's

Third through Eighth, Tenth and Eleventh Affirmative Defenses will remain.   For matters

outside of the sufficiency of Defendant's pleadings, the Court will strike Defendant's Second

Affirmative Defense.[7]

       Furthermore, this Court also rejects Plaintiffs' challenge to Defendant's Affirmative

Defenses under Fed. R. Civ. P. 8(b).  Plaintiffs contend that even if this Court does not apply

Twombly/Iqbal to Defendant's affirmative defenses, the defenses should still be stricken because

---

      [6] In its motion to dismiss, Plaintiffs argue that the Second through Eighth, Tenth and
Eleventh Affirmative Defenses should be stricken because the "defenses makes a conclusory legal
statement . . . devoid of any factual allegations to support the assertion" as required by Twombly and
the Fed. R. Civ. P. 8(b).  Specifically, with respect to the Third Affirmative Defense which alleges
that Counts II and III of the Complaint are time-barred by the running of the two-year statute of
limitations in Pennsylvania for the alleged torts, Plaintiffs maintain that the defense should be
stricken since GMAC failed to reference the specific statute and relevant time period.  Further,
Plaintiffs assert that GMAC's Seventh, Eighth, and Eleventh Affirmative Defenses are also
insufficiently plead, in that they set forth legal conclusions based on vague assertions of contractual
waivers and releases and a stipulation, but fail to provide any facts as to the circumstances
surrounding their claims.

      [7] Defendant's Second Affirmative Defense avers that Count II and III violate Pennsylvania's
gist of the action doctrine.  By Order, dated August 26, 2011, this Court previously determined that
Plaintiffs' claims are not barred by the gist of the action doctrine.  (See Doc. 27.)  As such,
Defendant will not be permitted to again argue this issue under the guise of an affirmative defense.

they failed to provide a "short and plain" statement of each defense as required by Fed. R. Civ. P. 8(b). As previously explained in <u>Tyco</u>, affirmative defenses are governed by Rule 8 (c) alone, and not 8 (b). Therefore, the argument does not apply to this case.

**B.    Defendant's Remaining Defenses**

As to Defendant's remaining affirmative defenses, Plaintiffs contend that the First, Ninth, and Twelfth affirmative defenses should be stricken because they are not proper defenses. This Court agrees with Plaintiff that Defendant's First Affirmative Defense is improper because the mere incorporation of preceding allegations does not constitute a defense. An affirmative defense is a matter asserted by a defendant that operates to defeat a claim, even if the facts supporting the claim are true. Here, Defendant's statement which provides that its "allegations in response to the Complaint are reaverred as fully as though set forth at length herein" is obviously not a defense, therefore, the Court will grant Plaintiffs' motion as it pertains to the particular defense. Similarly, Defendant's Ninth Affirmative Defense asserting Defendant's rights under the parties' contracts is stricken because it is readily apparent that it is not a defense. Finally, the Court will not strike the Twelfth Affirmative defense, despite Plaintiffs' contention that this is a boilerplate defense. The argument to strike boilerplate affirmative defenses is a *Twombly* issue and the Court has previously determined that the plausibility standard does not apply.

**C.    Conclusion**

Based on the foregoing, the Court will strike the First and Ninth Affirmative Defenses for failure to state a defense. Defendant's Second Affirmative Defense is also stricken since this Court has previously held that the gist of the action doctrine does not apply to Plaintiffs' claims. All other affirmative defenses will remain as these defenses are sufficiently plead under <u>Conley</u>.

-9-

An appropriate order follows.